UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DAISHAWN-LAVON MILLER EX,

                    Plaintiff,

v.                                                       5:22-CV-0680
                                                         (BKS/ML)
DAVID PRIMO, Chief Clerk; KAREN J
STANISLAUS-FUNG, Court Attorney
Referee; TYLYN L BOZEMAN, Attorney
for mother; ROBERT TEMPLE, Attorney
for the child; SALVATORE PAVONE, Court
Attorney Referee; and TANERRA CC
NEWTON, mother,

                    Defendants.
_____

APPEARANCES:                                OF COUNSEL:

DAISHAWN-LAVON MILLER EX
  Plaintiff, *Pro Se*
2363 James Street
Number 547
Syracuse, New York 13206

MIROSLAV LOVRIC, United States Magistrate Judge

### **ORDER and REPORT-RECOMMENDATION**

        The Clerk has sent this *pro se* Complaint (Dkt. No. 1) together with an application to

proceed *in forma pauperis* (Dkt. No. 3) filed by Daishawn-lavon Miller Ex ("Plaintiff") to the

Court for review.  For the reasons discussed below, I grant Plaintiff's *in forma pauperis*

application (Dkt. No. 3), and I recommend that Plaintiff's Complaint (Dkt. No. 1) be dismissed

in its entirety without prejudice (a) in part with leave to amend, and (b) in part without leave to

amend.

I.    **BACKGROUND**

Liberally construed,[1] Plaintiff's Complaint asserts that his rights were violated by

Defendants David Primo, Karen Stanislaus, Tylyn Bozeman, Robert Temple, Salvatore Pavone,

Tanerra CC Newton (collectively "Defendants"), who were all involved in Plaintiff's state court

child custody dispute.  (*See generally* Dkt. No. 1.)

In total Plaintiff's Complaint and the ten attachments are 79-pages long.  (*Id*.)  The vast

majority of Plaintiff's Complaint and attachments are nonsensical, rambling sentences, that

strongly suggest Plaintiff is proceeding in the present case on the basis of his purported status as

a sovereign citizen.  More specifically, Plaintiff alleges that his due process rights were violated

by Defendants when they failed to take notice of his attempts to serve them with notice of his

"status as the executor, american national, age of [majority], secured party creditor" and that

Defendants enforced and applied a foreign and unconstitutional form of law.  (*Id*.)  In addition,

Plaintiff alleges that Defendants violated his constitutional rights by determining the custody of

his child pursuant to the Family Court Act, which is "derrived [sic] from the Social Security Act

which was never enacted into positive law."  (Dkt. No. 1 at 4.)

Plaintiff alleges that Defendant Primo, the Chief Court Clerk of Onondaga County

Family Court, was present during Plaintiff's custody trial where he "watched" (1) Plaintiff

question the court's jurisdiction, and (2) Plaintiff's requests to have his name correctly formatted

be ignored.[2]  (*Id*. at 6.)  Plaintiff alleges that the court failed to take notice of "NYS authenticated

---

[1]    The court must interpret *pro se* complaints to raise the strongest arguments they suggest. *Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

[2]    Although unclear from the content of the Complaint, it appears that Plaintiff prefers his name be written in entirely lowercase letters but that the caption in the state court proceedings listed the parties' names in all capital letters.

Power of Attorney and Birth Certificates [Birth Certification is now Authenticated at Federal Level , Bill of Complaint in Equity, Declaration of Nationality, Notice of Restricted Special Appearance, invoices/injunction [cease and desist order], Uniform Commercial Code Financial Statements." (*Id.*)

Plaintiff alleges that Defendant Temple, the attorney for the child in Plaintiff's custody action, did not act in Plaintiff's child's best interest, failed to "honor [Plaintiff's] injunction (cease and desist order), failed to take notice of [Plaintiff's] Bill of Complaint in Equity, NYS authenticated Power of Attorney and Birth Certificate, Declaration of Nationality, [and Defendant Temple wa]s also responsible for drafting the order with the NAMES in all caps." (*Id.*).

Plaintiff alleges that Defendant Stanislaus-Fung, who was the court attorney referee in his custody dispute, "failed to take notice of [Plaintiff's] status," "took joint legal custody away from [Plaintiff] via the FAMILY COURT ACT," failed to recuse herself despite Plaintiff's requests, and did not act as an impartial decision maker in the custody dispute. (*Id.*).

Plaintiff alleges that Defendant Bozeman, who represented the mother of Plaintiff's child in the custody dispute, failed to take notice of Plaintiff's "status." (*Id.*) In addition, Plaintiff alleges that Defendant Bozeman was served with invoices, a private parenting agreement, and an injunction to cease and desist but that she failed to properly respond to those documents. (*Id.*)

Although Plaintiff's Complaint contains virtually no factual detail, it appears to assert one claim that Defendants violated his due process rights.[3]  (*See generally* Dkt. No. 1.)  Plaintiff does not appear to be seeking any relief.  (*See generally* Dkt. No. 1.)

---

[3]     Plaintiff's Complaint also contains an extensive list with several legal terms that do not appear to have any meaning in context.  (Dkt. No. 1 at 7.)  More specifically, under the paragraph in the form complaint asking what relief Plaintiff seeks, states:

Plaintiff also filed an application to proceed *in forma pauperis*.  (Dkt. No. 3.)

## II.    PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*

"When a civil action is commenced in a federal district court, the statutory filing fee,

currently set at $402, must ordinarily be paid.  28 U.S.C. § 1914(a).  A court is authorized,

however, to permit a litigant to proceed *in forma pauperis* status if a party "is unable to pay" the

standard fee for commencing an action.  28 U.S.C. § 1915(a)(1).[4]  After reviewing Plaintiff's *in*

---

see invoices attached, Abuse of Power, Abuse of Process, Appearance in Court, Breach of Contract/ Oath/ Charter, Breach of Duty, Capitis Diminutio Maxima, Check and Balance Violation, Conspiracy/ Collusion, Deceit*, Discrimination/ Vexatious Litigation, Duty of Care Violation, Embezzlement/ Extortion, Entrapment*, Factual Causation*, Fair Hearing Request/ Violation, Fraud Upon the Court, Fraudulent Conveyance/ Conversion, Fruit of The Poisonous Tree, Gross Negligence, Malicious Wrongdoing, Mental Anguish, Mis-Application of Statute, Mis-Information/ False Evidence, Misappropriation of Funds, Misrepresentation, Mistrial, Natural Law Violation, Obstruction of Justice, Psychological Warfare, R.I.C.O. (Illegal Activities Per Person), Serving in Multiple Capacities, Speedy Trial Violation, Tax Fraud, The Use of Policies to Override The Law, Treason, Trespassing, Undisclosed Policies/ Usury, Unholy Alliance, United States Bill of Rights Violation, Unjust Enrichment, Unlawful Taking, Use of injurious or Damaging Laws, Using Public Funds For Private Interests

(Dkt. No. 1 at 7.)

[4]      The language of that section is ambiguous because it suggests an intent to limit availability of *in forma pauperis* status to prison inmates.  *See* 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses").  The courts have construed that section, however, as making *in forma pauperis* status available to any litigant who can meet the governing financial criteria.  *Hayes v. United States*, 71 Fed. Cl. 366, 367 (Fed. Cl. 2006); *Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

*forma pauperis* application (Dkt. No. 3), the Court finds that Plaintiff meets this standard.

Therefore, Plaintiff's application to proceed *in forma pauperis* is granted.[5]

## III.    LEGAL STANDARD FOR INITIAL REVIEW OF COMPLAINT

Although the court has a duty to show liberality toward *pro se* litigants, and must use

extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party

or parties have been served and have had an opportunity to respond, the court still has a

responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed.

28 U.S.C. § 1915(e); *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam); *Anderson v.

Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983); *see, e.g., Fitzgerald v. First East Seventh St. Tenants

Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a

frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee).

"Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory

[such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly

exists on the face of the complaint." *Aguilar v. United States*, 99-MC-0304, 99-MC-0408, 1999

WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*,

141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989)

("[D]ismissal is proper only if the legal theory . . . or factual contentions lack an arguable

basis."); *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based

on an indisputably meritless legal theory for purposes of dismissal under section 1915(d), may be

based upon a defense that appears on the face of the complaint.").

---

[5]     Plaintiff is reminded that, although his application to proceed *in forma pauperis* has been
granted, he is still required to pay fees that he may incur in this action, including copying and/or
witness fees.

When reviewing a complaint under section 1915(e), the court is guided by applicable requirements of the Federal Rules of Civil Procedure. More specifically, Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The requirement that a plaintiff "show" that he or she is entitled to relief means that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief . . . requires the . . . court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not shown–that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citation and punctuation omitted). "In reviewing a complaint . . . the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

## IV.    ANALYSIS

In addressing the sufficiency of a plaintiff's complaint, the court must construe his pleadings liberally. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). Having reviewed Plaintiff's Complaint with this principle in mind, I recommend that all causes of action be dismissed.

"Theories presented by redemptionist and sovereign citizen adherents have not only been rejected by the courts, but also recognized as frivolous and a waste of court resources." *Muhammad v. Smith*, 13-CV-0760, 2014 WL 3670609, at *2 (N.D.N.Y. July 23, 2014) (D'Agostino, J.); *accord*, *Charlotte v. Hansen*, 433 F. App'x 660, 661 (10th Cir. 2011) (summary order) (noting that "an individual's belief that her status as a 'sovereign citizen' puts her beyond the jurisdiction of the courts has no conceivable validity in American law") (internal quotation marks omitted); *see also United States v. Ulloa*, 511 F. '105, 106 n.1 (2d Cir. 2013) (summary order) ("The sovereign citizens are a loosely affiliated group who believe that the state and federal governments lack constitutional legitimacy and therefore have no authority to regulate their behavior. The FBI has labeled the sovereign citizens a domestic terrorist group."); *Monroe v. Beard*, 536 F.3d 198, 203 n.4 (3rd Cir. 2008) ("[T]he 'Redemptionist' theory . . . propounds that a person has a split personality: a real person and a fictional person called the 'strawman.' The 'strawman' purportedly came into being when the United States went off the gold standard . . . and, instead, pledged the strawman of its citizens as collateral for the country's national debt. Redemptionists claim that government has power only over the strawman and not over the live person, who remains free. Individuals can free themselves by filing UCC financing statements, thereby acquiring an interest in their strawman. . . . Adherents of this scheme also advocate that inmates copyright their names to justify filing liens against officials using their names in public records such as indictments or court papers."); *Branton v. Columbia Cnty.*, 15-CV-0005, 2015 WL 3397949, at *2-4 (N.D.N.Y. May 26, 2015) (Hurd, J., adopting Report-Recommendation of Dancks, M.J., dismissing plaintiff's complaint, which was "a classic example of [the] 'redemptionist' or 'sovereign citizen' theory," and denying leave to amend); *Green v. Pryce*, 15-CV-3527, 2015 WL 4987893, at *3-4 (E.D.N.Y. Aug. 18, 2015) (dismissing plaintiff's

7

complaint on initial review and denying leave to amend, where the complaint was based "on the 'redemptionist' theory," included claims "pursuant to federal criminal statutes that do not provide a private right of action," and "failed to set forth any facts to support" his § 1983 claim).

Here, Plaintiff's Complaint (1) is comprised of repeated references to his status as an "american national . . . secured party creditor," (2) is virtually devoid of factual allegations about the incident or incidents at issue (or any other event based in fact), and (3) contains citations to statutes and references to legal concepts that do not provide a private cause of action.  (Dkt. No. 1.)  Accordingly, I conclude that Plaintiff's Complaint–predicated as it is on a "sovereign citizen" theory that is routinely held to have no basis in law–does not allege facts plausibly suggesting any entitlement to relief.

In addition and in the alternative, I recommend that Plaintiff's Complaint be dismissed because it seeks relief from individuals who are immune from suit and for failure to state a claim upon which relief may be granted.[6]

"To state a valid claim under § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a

---

[6]     Due to the nature of Plaintiff's Complaint, it is difficult to precisely determine exactly which doctrine applies, but his claims are also likely barred.  "The Second Circuit has recently stated that the *Rooker-Feldman* doctrine bars a district court from reviewing a family court's determinations regarding custody, neglect and visitation where those issues have been decided after providing the plaintiff a full and fair opportunity to litigate those issues."  *Arena v. Dep't of Soc. Servs. of Nassau Cnty.*, 216 F. Supp. 2d 146, 152 (E.D.N.Y. 2002) (citing *Phifer v. City of New York*, 289 F.3d 49, 57 (2d Cir. 2002)).  "Under the domestic relations exception to the jurisdiction of federal courts, cases involving divorce, alimony, and child custody remain outside federal court jurisdiction."  *Amato v. McGinty*, 21-CV-0860, 2022 WL 226798, at *10 (N.D.N.Y. Jan. 26, 2022) (Dancks, M.J.) (citing *Marshall v. Marshall*, 547 U.S. 293, 308 (2006)).  In the event that Plaintiff's underlying custody state court proceeding remains pending, his request for this Court's involvement may also implicate the *Younger* abstention doctrine.  *Younger v. Harris*, 401 U.S. 37 (1971).  Under the *Younger* doctrine, "federal courts [must] abstain from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings."  *Diamond "D" Constr. Corp. v. McGowan*, 282 F.3d 191, 198 (2d Cir. 2002).

right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. Cnty. of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir. 1994)).  Thus, § 1983 does not create any independent substantive right, but rather "provides a civil claim for damages" to "redress . . . the deprivation of [federal] rights established elsewhere." *Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999).

     **A.**     **Immunity**

          **1.**     **Defendant Primo**

Courts have routinely granted judicial immunity to "government officials, including clerks of court and other court employees, for their acts that assist a judge in the performance of his or her judicial duties." *Mendez v. Johnson*, 22-CV-6811, 2022 WL 3587600, at *2 (S.D.N.Y. Aug. 22, 2022) (citing *Cleavinger v. Saxner*, 474 U.S. 193, 200 (1985); *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999); *see Ali v. Pollak*, 182 F.3d 898 (2d Cir. 1999) (unpublished opinion) (extending judicial immunity to a pro se law clerk); *Oliva v. Heller*, 839 F.2d 37, 39-40 (2d Cir. 1988) (extending judicial immunity to a judge's law clerk); *Chmura v. Norton, Hammersley, Lopez & Skokos Inverso PA*, 17-CV-2164, 2018 WL 2138631, at *2 (D. Conn. May 9, 2018) (extending judicial immunity to a clerk of court); *Manko v. Ruchelsman*, 12-CV-4100, 2012 WL 4034038, at *2 (E.D.N.Y. Sept. 10, 2012) (same); *Gibson v. Brown*, 12-CV-0622, 2012 WL 1744845, at *4-5 (E.D.N.Y. May 16, 2012) (extending judicial immunity to a pro se writ clerk)).

It appears as though Plaintiff's claim against Defendant Primo arises from actions he took with respect to a case before Defendant Stanislaus-Fung in the Onondaga County Family Court. Plaintiff fails to allege any facts showing that Defendant Primo acted beyond the scope of his judicial responsibilities or outside of his jurisdiction.  Because Plaintiff sues Defendant Primo for

"acts arising out of, or related to, individual cases before" Defendant Stanislaus-Fung, he is immune from suit for such claims. *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009).

### 2.    Defendants Stanislaus-Fung and Pavone

"The law is clear that court referees are entitled to absolute judicial immunity from liability with respect to acts taken in the scope of their duties." *Khrapko v. Splain*, 389 F. Supp. 3d 199, 205 (W.D.N.Y. 2019) (citing *Green v. Kadilac Mortg. Bankers, Ltd.*, 936 F. Supp. 108, 115 (S.D.N.Y. 1996); *Weiss v. Feigenbaum*, 558 F. Supp. 265, 272 (E.D.N.Y. 1982)); *accord Witcher v. Moriber*, 21-CV-6168, 2022 WL 1085297, at *2 (E.D.N.Y. Apr. 11, 2022) (citing *Wilson v. Wilson-Polson*, 446 F. App'x 330, 331 (2d Cir. 2011) (allegations that a New York State Family Court referee violated plaintiff's procedural due process rights failed in light of the referee's absolute immunity to suit); *Topolski v. Wrobleski*, 13-CV-0872, 2014 WL 2215761, at *3 (N.D.N.Y. May 29, 2014) ("Judicial immunity is so broad that judges and referees 'are not liable to civil actions for their judicial acts, even when such acts . . . are alleged to have been done maliciously or corruptly.'"); *Renner v. Stanton*, 13-CV-1676, 2013 WL 1898389, at *3 (E.D.N.Y. May 7, 2013) (dismissing claims against Family Court Referee based on judicial immunity)).

As a result, I recommend that Plaintiff's claim against Defendants Stanislaus-Fung and Pavone be dismissed based on the doctrine of absolute judicial immunity.

### 3.    Defendant Temple

"Absolute immunity may attach to a non-judicial officer where that individual serves as an 'arm of the court,' or acts as an 'integral part[] of the judicial process.'" *Holland v. Morgenstern*, 12-CV-4870, 2013 WL 2237550, at *4 (E.D.N.Y. May 20, 2013) (quoting *Scotto v. Almenas*, 143 F.3d 105, 111 (2d Cir. 1998); *Briscoe v. LaHue*, 460 U.S. 325, 335 (1983)). "In

New York, courts have regularly found that attorneys for children in custody proceedings (called 'law guardians' until 2010, N.Y. Fam. Ct. Act § 242) enjoy quasi-judicial immunity." *Thomas v. Martin-Gibbons*, 19-CV-7695, 2020 WL 5026884, at *7 (S.D.N.Y. Aug. 25, 2020) (citing *Bey v. New York*, 11-CV-3296, 2012 WL 4370272, at *9 (E.D.N.Y. Sept. 21, 2012)).

Plaintiff's allegations against Defendant Temple arise out of his court-appointed representation of Plaintiff's child during family court proceedings. As a result, I recommend that Plaintiff's claim against Defendant Temple be dismissed pursuant to the doctrine of quasi-judicial immunity. *Thomas v. Martin-Gibbs*, 2020 WL 5026884, at *7 (citing *Yapi v. Kondratyeva*, 340 F. App'x 683, 685 (2d Cir. 2009) (finding that the Children's Law Center and its employees are entitled to quasi-judicial immunity)) (dismissing the plaintiff's claims against the Children's Law Center, which arose out of their court-appointed representation of "J.O." during family court proceedings).

Based on the doctrine of judicial immunity, I recommend that Plaintiff's claim against Defendants Primo, Stanislaus-Fung, Pavone, and Temple be dismissed because the Court lacks subject matter jurisdiction.

### B. Failure to State a Claim Upon Which Relief May Be Granted

#### 1. Defendant Primo

In the alternative, I recommend that Plaintiff's claim against Defendant Primo be dismissed for failure to state a claim upon which relief may be granted.

"To state a claim for liability under [S]ection 1983 against a government official sued in his or her individual capacity, 'a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" *McCluskey v. Roberts*, No. 20-4018, 2022 WL 2046079, at *3 (2d Cir. June 7, 2022) (summary order) (quoting

*Tangreti v. Bachmann*, 983 F.3d 609, 616 (2d Cir. 2020)).  Failing to allege that a defendant was personally involved in, or responsible for, the alleged constitutional violation renders a complaint "fatally defective on its face."  *Alfaro Motors, Inc. v. Ward*, 814 F.2d 883, 886 (2d Cir. 1987) (internal quotation marks omitted); *see Dubois v. Beaury*, No. 21-2096, 2022 WL 1701497, at *4 (2d Cir. May 27, 2022) (stating that "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under [Section] 1983" (internal quotation marks omitted)).

Here, Plaintiff alleges that Defendant Primo "allowed" Plaintiff's rights to be violated "as he sat in on [Plaintiff's custody] Trial and watched [Plaintiff] qu[]estion the court['s] jurisdiction, the format of the names in the custodial order."  (Dkt. No. 1 at 6.)  Plaintiff's allegation that Defendant Primo was present while others allegedly violated his rights, fails to plausibly suggest Defendant Primo's personal involvement in the constitutional violation.  *See Roman v. City of Mount Vernan*, 21-CV-2214, 2022 WL 2819459, at *16 (S.D.N.Y. July 19, 2022) (quoting *Arbuckle v. City of New York*, 14-CV-10248, 2016 WL 5793741, at *13 (S.D.N.Y. Sept. 30, 2016)) ("'Simply being present at the scene of an arrest does not suffice for personal involvement.'").

### 2.    Defendant Pavone

In the alternative, I recommend that Plaintiff's claim against Defendant Pavone be dismissed for failure to allege Defendant Pavone's personal involvement in any violation of Plaintiff's rights.  The Complaint lists Defendant Pavone as a defendant but fails to allege any action taken by Defendant Pavone.

### 3.    Defendants Bozeman and Temple

Plaintiff's claim pursuant to 42 U.S.C. § 1983 against Defendants Bozeman and Temple is inadequately pled because he failed to allege that they acted under color of state law.  42 U.S.C. § 1983; *Velez v. Levy*, 401 F.3d 75, 84 (2d Cir. 2005).

"Although appointed by the state, an attorney for the children or law guardian is not a state actor because he or she must exercise independent professional judgment on behalf of the clients they represent."  *Parent v. New York*, 786 F. Supp. 2d 516, 538 (N.D.N.Y. 2011) (Hurd, J.).  Thus, I recommend that Plaintiff's claim against Defendant Temple be dismissed for failure to state a claim upon which relief may be granted.

Moreover, although it is not clear from the face of the complaint whether Defendant Bozeman was appointed by the court to represent Defendant Newton, or whether Defendant Newton privately retained Defendant Bozeman, the difference is inconsequential.  "It is well-settled that attorneys engaged in private practice do not act under color of state law within the meaning of § 1983."  *Parent*, 786 F. Supp. 2d at 538 (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 318 (1981)); *accord Agron v. Douglas W. Dunham Esq. & Assocs.*, 02-CV-10071, 2004 WL 691682, at *3 (S.D.N.Y. Mar. 31, 2004); *see Walker v. Rivera*, 22-CV-0560, 2022 WL 2341544, at *3 (N.D.N.Y. June 29, 2022) (Dancks, M.J.) (recommending dismissal of the plaintiff's Section 1983 claims against the defendant private attorney and defendant attorney for the child because the plaintiff failed to allege facts plausibly suggesting that they acted under color of state law); *DeRouseau v. Fam. Ct., Westchester Cnty.*, 21-CV-8716, 2022 WL 1747859, at *3 (S.D.N.Y. May 31, 2022) (dismissing the plaintiff's § 1983 claims against "attorneys who were appointed to represent him and his child in the Family Court."); *Cleveland v. Schenectady Cnty. Dep't of Children and Families*, 16-CV-1235, 2016 WL 8193590, at *6 (N.D.N.Y. Dec. 30,

2016) (Stewart, M.J.) ("It is well settled that conduct of private attorneys practicing in family court proceedings, even where they are paid by the State, do not rise to the level of State action.").

As a result, I recommend that Plaintiff's claim against Defendants Temple and Bozeman be dismissed.

### 4.    Defendant Newton

Plaintiff's Complaint fails to allege facts plausibly suggesting that Defendant Newton— the mother of his child—was a state actor.  "[M]ere use, and even misuse, of state courts does not turn private parties into state actors." *Koziol v. King*, 14-CV-0946, 2015 WL 2453481, at *11 (N.D.N.Y. May 22, 2015) (Sharpe, C.J.) (citing *Cramer v. Englert*, 93 F. App'x 263, 264 (2d Cir. 2004) ("[T]he mere invocation of New York legal procedures does not satisfy the state actor requirement under § 1983."); *Dahlberg v. Becker*, 748 F.2d 85, 89-90 (2d Cir. 1984) (dismissing § 1983 action because allegations of "misuse of a state statute" did not give rise to § 1983 action)).  Thus, Plaintiff has failed to allege facts plausibly suggesting Defendant Newton was a state actor for purposes of liability pursuant to 42 U.S.C. § 1983.  *Koziol*, 2015 WL 2453481, at *11-12 (dismissing the plaintiff's claims against his ex-wife based on the plaintiff's allegations that she "abuse[d] joint custody rights" and filed "false claims" and "specious petitions").

As a result, I recommend that Plaintiff's claim against Defendant Newton be dismissed for failure to state a claim upon which relief may be granted.[7]

---

[7]    In the alternative, I recommend that Plaintiff's claim against Defendant Newton be dismissed for failure to allege Defendant Newton's personal involvement in any violation of Plaintiff's rights.  Again, Plaintiff listed Defendant Newton as a defendant in this case but failed to allege any action taken by Defendant Newton in the body of the Complaint.

## V.    OPPORTUNITY TO AMEND

Generally, a court should not dismiss claims contained in a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord, Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).[8]

Here, better pleading could not cure the Court's lack of subject matter jurisdiction based on the immunities described above, which appear to apply to all claims except those against Defendants Bozeman and Newton.

However, in light of Plaintiff's *pro se* status and out of an abundance of caution, a better pleading—addressing the deficiencies outlined above—could potentially save Plaintiff's claim

---

[8]    *See also Carris v. First Student, Inc.*, 132 F. Supp. 3d 321, 340-41 n.1 (N.D.N.Y. 2015) (Suddaby, C.J.) (explaining that the standard set forth in *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999)—that the Court should grant leave to amend "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would be successful in stating a claim"—is likely not an accurate recitation of the governing law after *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)), *rev'd on other grounds*, 682 F. App'x 30.

against Defendant Bozeman and Newton from being *sua sponte* dismissed on initial review. As a result, I recommend that Plaintiff's claim against Defendant Bozeman and Newton be dismissed without prejudice and with leave to amend.

If Plaintiff chooses to file an amended complaint, he should note that the law in this circuit clearly provides that "'complaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning.'" *Hunt v. Budd*, 895 F. Supp. 35, 38 (N.D.N.Y. 1995) (McAvoy, J.) (quoting *Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987)); *accord Pourzancvakil v. Humphry*, 94-CV-1594, 1995 WL 316935, at *7 (N.D.N.Y. May 22, 1995) (Pooler, J.). Therefore, in any amended complaint, Plaintiff must clearly set forth facts that give rise to the claims, including the dates, times, and places of the alleged underlying acts, and each individual who committed each alleged wrongful act. In addition, the revised pleading should allege facts demonstrating the specific involvement of any named defendant in the constitutional deprivations alleged in sufficient detail to establish that it was tangibly connected to those deprivations. *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986). Finally, Plaintiff is informed that any such amended complaint will replace the existing Complaint and must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the Court. *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) ("It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect.").

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's IFP application (Dkt. No. 3) is **GRANTED**; and it is further respectfully

**RECOMMENDED** that Plaintiff's Complaint (Dkt. No. 1) be *sua sponte* dismissed in its entirety pursuant to 28 U.S.C. § 1915(e); and it is further respectfully

**RECOMMENDED** that the Court **DISMISS WITHOUT PREJUDICE AND WITH LEAVE TO AMEND** Plaintiff's Complaint (Dkt. No. 1) against Defendants Bozeman and Newton, for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B); and it is further respectfully

**RECOMMENDED** that the Court **DISMISS WITHOUT PREJUDICE AND WITHOUT LEAVE TO AMEND** Plaintiff's Complaint (Dkt. No. 1) against Defendants Primo, Stanislaus-Fung, Temple, and Pavone, because it seeks relief from defendants who are immune from suit pursuant to 28 U.S.C. § 1915(e)(2)(B); and it is further

**ORDERED** that the Clerk of the Court shall file a copy of this Order and Report-Recommendation on Plaintiff, along with copies of the unpublished decisions cited herein in accordance with the Second Circuit's decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

**NOTICE:** Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[9]  Such objections shall be filed with the Clerk of the Court.  **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW</u>**.  28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)).

Dated: September 29, 2022
           Binghamton, New York

*Miroslav Lovric*

Miroslav Lovric
U.S. Magistrate Judge

---

[9]      If you are proceeding *pro se* and served with this report, recommendation, and order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date that the report, recommendation, and order was mailed to you to serve and file objections.  Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. P. 6(a)(1)(C).